# UNITED STATES DISTRICT COURT
# DISTRICT OF MARYLAND
# SOUTHERN DIVISION

| | |
|---|---|
| Earl Kelton, <br><br>                Plaintiff, <br> v. <br><br> Citicorp Credit Services, Inc.; and DOES 1-10, inclusive, <br><br>                Defendants. | Civil Action No.: 8:12-cv-03805 <br><br> **COMPLAINT** |

For this Complaint, the Plaintiff, Earl Kelton, by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of Defendants' repeated violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, et seq. (the "TCPA").

2. This Court has original jurisdiction over Plaintiff's TCPA claims. *Mims v. Arrow Fin. Serv., LLC*, 132 S.Ct. 740 (2012).

3. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

4. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendants transact business here and a substantial portion of the acts giving rise to this action occurred here.

## PARTIES

5. Plaintiff, Earl Kelton ("Plaintiff"), is an adult individual residing in Silver Spring, Maryland.

6. Defendant, Citicorp Credit Services, Inc. ("Citicorp"), is a New York business entity with an address of One Court Square, Long Island City, New York 11120.

7. Does 1-10 (the "Agents") are individual agents and/or employees employed by Citicorp and whose identities are currently unknown to the Plaintiff. One or more of the Agents may be joined as parties once their identities are disclosed through discovery.

8. Citicorp at all times acted by and through one or more of the Agents.

## FACTS

9. In or around November 2012, Defendants began calling Plaintiff in an attempt to reach Sean Kelton, whom Plaintiff does not know.

10. Defendants called Plaintiff's residential telephone 4 to 5 times per day on a daily basis for the purpose of soliciting Defendants products and services.

11. At all times herein mentioned, Defendants called Plaintiff's residential telephone using an automated telephone dialer system ("ATDS") and/or using an artificial or prerecorded voice (collectively hereafter "Robocalls").

12. Plaintiff has no prior business relationship with Defendants and never provided Defendants with his telephone number or contact information.

13. Plaintiff never requested to Defendants either by agreement or otherwise that he be contacted.

14. On numerous occasions, Plaintiff informed Defendants that he had no knowledge of Sean Kelton's whereabouts and that Sean Kelton could not be reached at Plaintiff's number, and further instructed Defendants to remove his telephone number and cease all communications with him.

15. Despite Plaintiff's repeated requests that Defendants stop calls to him, Defendants thereafter continued to place Robocalls to Plaintiff's telephone, most often calling up to five times per day multiple times per week for successive weeks.

## COUNT I
## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT –
## 47 U.S.C. § 227, et seq.

16. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

17. Without prior consent the Defendants made telephone calls to the Plaintiff's residential telephone line using an artificial or prerecorded voice to deliver a message without the prior express consent of the Plaintiff in violation of 47 U.S.C. § 227(b)(1)(B).

18. The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the Telephone Consumer Protection Act, including every one of the above-cited provisions.

19. The Plaintiff is entitled to damages as a result of the Defendants' violations.

## COUNT II
## INVASION OF PRIVACY BY INTRUSION UPON SECLUSION

20. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

21. The *Restatement of Torts, Second,* § 652(b) defines intrusion upon seclusion as, "One who intentionally intrudes…upon the solitude or seclusion of another, or his private affairs or concerns, is subject to liability to the other for invasion of privacy, if the intrusion would be highly offensive to a reasonable person."

22. Maryland further recognizes the Plaintiff's right to be free from invasions of privacy, thus Defendants violated Maryland state law.

23. The Defendants intentionally intruded upon Plaintiff's right to privacy by continually harassing the Plaintiff with the above referenced repeated telephone calls.

24. The telephone calls made by the Defendants to the Plaintiff were so persistent and

repeated with such frequency as to be considered "hounding the plaintiff" and "a substantial burden to her existence," thus satisfying the *Restatement of Torts, Second,* § 652(b) requirement for an invasion of privacy.

25. The conduct of the Defendants in engaging in the illegal collection activities resulted in multiple invasions of privacy in such a way as would be considered highly offensive to a reasonable person.

26. As a result of the intrusions and invasions, the Plaintiff is entitled to actual damages in an amount to be determined at trial from the Defendants.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff prays that judgment be entered against the Defendants:

1. Statutory damages pursuant to 47 U.S.C. § 227(b)(1)(B);

2. Actual damages from the Defendants for the all damages suffered as a result of the intentional, reckless, and/or negligent invasions of privacy in an amount to be determined at trial for the Plaintiff; and

3. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: December 28, 2012

Respectfully submitted,

By   */s/ Sergei Lemberg*
Sergei Lemberg, Esq.
LEMBERG & ASSOCIATES L.L.C.
1100 Summer Street, 3rd Floor
Stamford, CT 06905
Telephone: (203) 653-2250
Facsimile:  (203) 653-3424
ATTORNEYS FOR PLAINTIFF